IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHELBY ARRON,                          :
                                       :
              Plaintiff,               :
                                       :
                                       :     Case No. 2:26-cv-390
       v.                              :     Chief Judge Sarah D. Morrison
                                       :     Magistrate Judge S. Courter M. Shimeall
                                       :
BRANDI CUSTER, *et al.*,               :
                                       :
              Defendants.              :

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Shelby Arron, an Ohio resident proceeding without the assistance of counsel, filed this action against Brandi Custer, Laura Martin, and Coshocton County Children Services, asserting federal constitutional violations and seeking a temporary restraining order ("TRO"). (ECF Nos. 1-1 and 1-2.)  She also submitted a request to proceed *in forma pauperis*.[1]  (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF Nos. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Having performed the initial screen, and

---

[1] The Court notes that Plaintiff did not use the correct form; however, her motion contained sufficient information for the Court to assess her financial status.

for the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### I.     BACKGROUND

Plaintiff brings this lawsuit against Defendants Custer and Martin in their official capacities as child protective services employees, and against the Coshocton County Children Services agency ("CCCS"), generally alleging that Defendants unlawfully removed her children from her custody on June 13, 2025.  (ECF No. 1-1.)  She further alleges that Court hearings occurred without her presence or a meaningful opportunity to participate.  Plaintiff asserts violations of the Fourth and Fourteenth Amendments, *Monell* liability, and interference with parental rights.  For relief, she seeks injunctive relief in the form of immediate reunification with her children, compensatory and punitive damages, and declaratory relief.

In her Emergency Motion for a TRO, she alleges that her children were removed from her without a warrant or due process, and seeks immediate return of her children.  (ECF No. 1-2.)

### II.    STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, Congress tried to strike a balance, recognizing that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  To address this concern, Congress included subsection (e):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *see Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"Whether a complaint is factually frivolous under . . . 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). Permitting the ability for a Court to recommend dismissal as frivolous gives "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action,"

3

or "naked assertion[s] devoid of further factual enhancement" will be insufficient  *Id.* (cleaned up).  Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (citations and quotations omitted).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594.

Finally, "[w]hen the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3)." *Chief Ofo on behalf of Cashbox Tr. Tribal Gov't v. Hayes*, No. 2:24-CV-3492, 2024 WL 4679235, at *1 (S.D. Ohio July 1, 2024), *report and recommendation adopted*, No. 2:24-CV-3492, 2024 WL 4444559 (S.D. Ohio Oct. 8, 2024) (further citations omitted); *see also Answers in Genesis, Inc. v. Creation Ministries Int'l, ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.")

### III.    ANALYSIS

Upon review, the Undersigned finds that Plaintiff's Complaint relates entirely to domestic relation issues, which are within the exclusive jurisdiction of the State of Ohio, and thus fall outside the scope of federal jurisdiction.

Under the judicial doctrine known as the *Burrus* abstention doctrine, federal courts generally do not have jurisdiction over cases that involve "the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).  This exception is a judicially created doctrine dating back to the late eighteen hundreds, where the Supreme Court of the United States determined that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586 (1890).  Moreover, although the United States Court of Appeals for the Sixth Circuit has not squarely addressed the issue of whether the *Burrus* abstention doctrine only applies to diversity jurisdiction or also extends to federal question cases, it has continued to affirm that the doctrine applies to cases asserting federal causes of action if asserted as "a mere pretense and the suit is actually concerned with domestic relations issues." *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir. Jan. 10, 2025) (quoting in part *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003)).

Here, Plaintiff challenges the removal of her children from her custody, and as such, her claims clearly fall within the scope of the *Burrus* abstention doctrine.  The fact that Plaintiff asserts federal constitutional violations does not change this determination because they are merely "pretense" to challenge domestic relations matters.  Indeed, the main remedy of both Plaintiff's Complaint and TRO is for her children to be immediately returned to her, which is the purview of the State in the domestic relations context.  *See, e.g.*, *Chevalier v. Est. of Barnhart*, 803 F.3d 789,

5

797 (6th Cir. 2015) ("[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts.").

Additionally, to the extent that Plaintiff is challenging the outcome of the state court proceedings related to the custody of her children, or any alleged lack of due process therein, this Court likewise lacks jurisdiction under the *Rooker-Feldman* doctrine to review a case that was litigated in state court—only the Supreme Court of the United States has jurisdiction to correct and review a state court judgment. *Danforth*, 76 F. App'x at 616 (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)); *see also Greenberg v. Slatery*, No. 22-5886, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023) (finding a plaintiff's complaint challenging a state court custody determination and in which he alleged that he was denied due process to be barred by the *Rooker-Feldman* doctrine).

Thus, even if the Court accepts Plaintiff's allegations as true, she has failed to state a claim upon which relief can be granted because the Court lacks jurisdictional authority to grant any such relief. *See Greenberg*, 2023 WL 2771640, at *1 ("A complaint is subject to dismissal on jurisdictional grounds if the allegations, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction.").

## IV.    CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is **GRANTED**.  (ECF No. 1.)  For the reasons above, the Undersigned further **RECOMMENDS** that this case be **DISMISSED** under § 1915(e)(2)(B) for failure to assert any claim over which this Court has subject-matter jurisdiction.

Finally, because the Undersigned recommends dismissal of this case for lack of jurisdiction, it is further **RECOMMENDED** that Plaintiff's motion for a TRO be **DENIED AS MOOT**.

<u>**PROCEDURE ON OBJECTIONS**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

7