UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHELBY ARRON,

                                            :

                    Plaintiff,              Case No. 2:26-cv-390
       v.                                   Chief Judge Sarah D. Morrison
                                            Magistrate Judge S. Courter M.
BRANDI CUSTER, *et al.*,                    Shimeall

                    Defendants.             :

## OPINION AND ORDER

This matter is before the Court on the Order and Report and

Recommendation ("OR&R") issued by the Magistrate Judge on April 8, 2026. (ECF

No. 5.)  Therein, the Magistrate Judge granted Shelby Arron's request to proceed *in*

*forma pauperis* (ECF No. 1) and, after performing an initial screen of Ms. Arron's

Complaint pursuant to 28 U.S.C. § 1915(e)(2), recommended that the Court dismiss

this case for lack of subject-matter jurisdiction. (OR&R, ECF No. 5, PAGEID # 23.)

Ms. Arron timely objected. (Obj., ECF No. 7).

For the reasons set forth below, the Court **SUSTAINS in part** and

**OVERRULES in part** Ms. Arron's objection and accordingly **ADOPTS AND**

**AFFIRMS in part** and **REJECTS in part** the Magistrate Judge's OR&R.

## I.      BACKGROUND

Ms. Arron, who is proceeding without counsel, sues Coshocton County

Children Services, caseworker Brandi Custer, and supervisor Laura Martin

(collectively, "Defendants"), alleging that they improperly labeled her as mentally

unstable and unlawfully removed her children from her custody in June 2025.

(Compl., ECF No. 1-1.) She further alleges that she was placed in a mental institution without due process and that court proceedings regarding the custody of her children occurred without her presence or a meaningful opportunity for her to participate. (*Id.*)

Ms. Arron asserts that Defendants violated the Fourth and Fourteenth Amendments and interfered with her parental rights. (Compl., ECF No. 1-1.) She also brings a municipal liability claim under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). (*Id.*) She seeks injunctive relief in the form of immediate reunification with her children, compensatory and punitive damages, a declaration that Defendants' conduct was unconstitutional, and injunctive relief preventing further violations. (*Id.*)

In tandem with her Complaint, Ms. Arron sought a temporary restraining order ("TRO") against Defendants and a third party (Mark Arron) for the immediate return of her children. (ECF No. 1-2.)

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

III.   ANALYSIS

Upon review of Ms. Arron's Complaint, the Magistrate Judge observed that it "relates entirely to domestic relation issues, which are within the exclusive jurisdiction of the State of Ohio." (OR&R, ECF No. 5, PAGEID # 22.) The Magistrate Judge determined that the *Burrus* abstention doctrine prevents Ms. Arron from challenging the removal of her children in federal court and that the *Rooker-Feldman* doctrine bars any attack on the outcome of the state-court custody proceedings or any lack of due process therein. (*Id.*, PAGEID # 22–23 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *In re Burrus*, 136 U.S. 586 (1890)).) As such, the Magistrate Judge concluded that, even accepting Ms. Arron's allegations as true, "the Court lacks jurisdictional authority to grant" the relief she seeks, including a TRO. (*Id.*, PAGEID # 23.)

Ms. Arron objects. (Obj., ECF No. 7.) She insists that the *Burrus* doctrine "is narrow and does not apply to constitutional claims" like those she asserts in her Complaint. (*Id.*, PAGEID # 27.) She also argues that the *Rooker-Feldman* doctrine applies only to the review of final state-court judgments and that she seeks review of independent constitutional violations. (*Id.*) Finally, she notes that the Supreme Court of Ohio previously rejected Mark Arron's attempts to obtain custody of her children based on evidence of safety concerns.[1] (*Id.*)

---

[1] Ms. Arron cites to a purported 2023 opinion from the Supreme Court of Ohio in a case captioned "Arron v. Arron" (Obj., ECF No. 7, PAGEID # 28), but the Court cannot locate that case or otherwise confirm its existence.

3

In determining the applicability of the *Burrus* and *Rooker-Feldman* doctrines, courts focus on a plaintiff's injury and request for relief. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (citations omitted); *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015). The *Burrus* doctrine—also called the "domestic-relations exception," *see Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992)—deprives a federal court of jurisdiction to adjudicate a claim if "a plaintiff positively sues in federal court for divorce, alimony, or child custody … or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Chevalier*, 803 F.3d at 797 (citation omitted). The *Rooker-Feldman* doctrine prevents federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, portions of Ms. Arron's Complaint clearly ask the Court to wade into child custody matters. As the Magistrate Judge aptly noted, the "main remedy of both [Ms. Arron's] Complaint and TRO is for her children to be immediately returned to her." (OR&R, ECF No. 5, PAGEID # 22; *see also* Compl., ECF No. 1-1 (requesting "immediate reunification with children").) "[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts." *Chevalier*, 803 F.3d at 797. Therefore, the Court lacks jurisdiction under the *Burrus* doctrine to grant this

4

form of relief, and the Court finds no error in the Magistrate Judge's reasoning and conclusion on this point.

Other parts of Ms. Arron's Complaint, though, confirm that she is asserting claims separate and apart from domestic-relations matters. Although she does seek a custody determination by way of her request that her children be returned to her, she also asks for declaratory and injunctive relief and monetary damages. (Compl., ECF No. 1-1, PAGEID # 4.) Moreover, none of her claims or remedies (besides her "reunification" request) ask or require the Court to issue, modify, or interpret a divorce, alimony, or child-custody order. *See Ankenbrandt*, 504 U.S. at 704 ("[T]he domestic relations exception encompasses *only* cases involving the issuance [or modification] of a divorce, alimony, or child custody decree.") (emphasis added).

The Magistrate Judge found that Ms. Arron's claims are "merely 'pretense' to challenge domestic relations matters," but the Court respectfully disagrees. (OR&R, ECF No. 5, PAGEID # 22 (citing *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir. Jan. 10, 2025)).) Initially, the *Burrus* doctrine "relates not to the subject of domestic relations, but to particular status-related *functions* that fall within state power and competence." *Chevalier*, 803 F.3d at 797 (emphasis in original) (citation omitted). That a matter touches on domestic relations does not, standing alone, trigger the *Burrus* doctrine where, as here, there is no request for a court to perform these traditional state functions. *See id.*

Additionally, this case is distinguishable from *Edelstein*. There, a plaintiff sued the judges, social workers, and other entities involved in her divorce and child-

custody proceedings, arguing that the proceedings were unconstitutional and seeking primarily the return of her children and monetary damages based on the custody decisions. *Edelstein*, 2025 WL 609487, at *1. The Sixth Circuit affirmed the lower court's application of the *Burrus* doctrine to bar the plaintiff's claims because "the substance of the claims revolves around the state courts' decisions in the domestic-relations proceedings as they relate to [the child's] custody and [the plaintiff's] visitation rights." *Id.* at *3. In contrast, Ms. Arron's suit is concerned not only with child custody issues but also whether Defendants acted in violation of federal law when they took her children and detained her as mentally unstable *before* any custody proceedings commenced. Her case is thus not merely a pretense to convince the Court to modify or nullify state-court domestic-relations orders.

Likewise, the Complaint does not appear to be attacking a state-court judgment so as to implicate the *Rooker-Feldman* doctrine. Beyond a vague reference to "court proceedings" (Compl, ECF No. 1-1, PAGEID # 3), Ms. Arron has not alleged the existence of any specific state judicial decision that she wants the Court to overturn.[2] *See, e.g.*, *HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 951 (6th Cir. 2026) ("*Rooker* and *Feldman* apply *only* to attempts to *directly* reverse a state court's judgment.") (emphasis added); *cf. Exxon Mobil Corp.*, 544 U.S. at 284 (referencing "the narrow ground occupied by *Rooker-Feldman*").

---

[2] If it is found that such a state-court case does exist, however, reconsideration of subject-matter jurisdiction under the *Rooker-Feldman* doctrine may become appropriate.

Even assuming that there was some qualifying state-court custody determination, the source of Ms. Arron's injury is not that determination but rather Defendants' allegedly improper conduct of detaining her, seizing her children without a warrant, and preventing her from being heard. (*See* Compl., ECF No. 1-1, PAGEID # 3–4 (alleging that Defendants "labeled [her] as mentally unstable without lawful justification," removed her children "without a warrant, court order, or exigent circumstances," placed her "in a mental institution without due process," and "denied [her] notice and an opportunity to be heard before and after removal").) The *Rooker-Feldman* doctrine does not apply when plaintiffs (like Ms. Arron) bring independent claims, or claims asserted "if the source of injury is other than the judgment itself, such as a third party's actions." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see, e.g.*, *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008) (holding that a "plaintiff's claims that certain defendants committed fraud and misrepresentation in the course of state probate proceedings did not allege an injury caused by the state court judgment"); *Chapman v. Troutt*, No. 3:10-CV-01009, 2011 WL 2160941, at *6 (M.D. Tenn. June 1, 2011), *R&R adopted*, 2011 WL 2416739 (M.D. Tenn. June 14, 2011) ("Because Plaintiff's claims against Defendants Wyllie and Hyatt allege the source of the injury to be their conduct and not just the state court judgment, the *Rooker-Feldman* doctrine does not apply to the claims[.]").

Because the Court finds on *de novo* review that neither the *Burrus* doctrine nor the *Rooker-Feldman* doctrine bar Ms. Arron's claims (except, as explained above, her custody request), her objection to the OR&R is well taken.

7

## IV.   CONCLUSION

For the reasons herein, the Court **SUSTAINS in part** and **OVERRULES in part** Ms. Arron's objection. (ECF No. 7)

The Court **ADOPTS AND AFFIRMS** the Magistrate Judge's OR&R (ECF No. 5) insofar as it grants Ms. Arron's application to proceed *in forma pauperis* and recommends dismissal for lack of subject-matter jurisdiction of Ms. Arron's requested relief in the form of the "immediate reunification with [her] children" (Compl., ECF No. 1-1, PAGEID # 4). The Court further **DENIES** Ms. Aaron's motion for a TRO (ECF No. 1-2).

The Court otherwise **REJECTS** the OR&R and accordingly **RECOMMITS** the remainder of Ms. Arron's Complaint to the Magistrate Judge for a further screening determination under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8