**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

SHELBY ARRON,                          :
                                       :
              Plaintiff,               :
                                       :
                                       :    Case No. 2:26-cv-390
       v.                              :    Chief Judge Sarah D. Morrison
                                       :    Magistrate Judge S. Courter M. Shimeall
                                       :
BRANDI CUSTER, *et al.*,               :
                                       :
              Defendants.              :

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, Shelby Arron, an Ohio resident proceeding without the assistance of counsel, filed this action against Brandi Custer, Laura Martin, and Coshocton County Children Services ("CCCS"), asserting federal constitutional violations under 42 U.S.C. § 1983. (ECF Nos. 1-1.)

Pursuant to 28 U.S.C. § 1915(e)(2) and the Court's May 21, 2026 Order (ECF No. 9), this matter is before the Undersigned for a second initial screen of Plaintiff's Complaint (ECF No. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Having conducted the screen, and for the reasons below, Plaintiff **MAY PROCEED** on her Fourteenth Amendment Due Process claims and on her individual Fourth Amendment claim against Defendants Custer and Martin in their individual capacities for damages and declaratory relief. It is **RECOMMENDED** that Plaintiff's remaining claims in her Complaint be **DISMISSED** for failure to state a claim under § 1915(e)(2).

## I.    BACKGROUND

Plaintiff brings this lawsuit against Defendants Custer and Martin, who are child protective services employees, and CCCS, alleging, among other things, that Defendants unlawfully removed her children from her custody on June 13, 2025.  (ECF No. 1-1.)  She further alleges that court hearings occurred without her presence or a meaningful opportunity to participate.  (*Id.* at PAGEID #: 3.)  She also alleges that Defendants seized her children without a warrant, court order, or exigent circumstances, and that "law enforcement was used to detain Plaintiff and place Plaintiff in a mental institution without due process."  (*Id.*)

Plaintiff asserts violations of the Fourth Amendment, Due Process and Equal Protection under the Fourteenth Amendment, *Monell* liability, and interference with parental rights.[1]

Plaintiff seeks prospective injunctive relief, compensatory and punitive damages, and declaratory relief.

## II.    STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, Congress sought to strike a balance, recognizing that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  To address this concern, Congress included subsection (e):

---

[1] The Undersigned notes that Plaintiff has essentially filed two Complaints.  They are nearly identical except for Count III.  In the first Complaint (ECF No. 1-1, at PAGEID #: 3–4), she asserts a *Monell* Claim for Count III.  In the second Complaint (*id.* at PAGEID 6–7), she asserts a Fourteenth Amendment Equal Protection claim for Count III.  The Undersigned will construe this as Plaintiff attempting to bring five claims in one Complaint and will address the *Monell* claim and Equal Protection claim separately.

2

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *see Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"Whether a complaint is factually frivolous under . . . 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). This authority not only allows courts to dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

3

Although this pleading standard does not require "detailed factual allegations," it does demand "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient. *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594.

Finally, "[w]hen the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3)." *Chief Ofo on behalf of Cashbox Tr. Tribal Gov't v. Hayes*, No. 2:24-CV-3492, 2024 WL 4679235, at *1 (S.D. Ohio July 1, 2024), *report and recommendation adopted*, No. 2:24-CV-3492, 2024 WL 4444559 (S.D. Ohio Oct. 8, 2024) (further citations omitted); *see also Answers in Genesis, Inc. v. Creation Ministries*

4

*Int'l, ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

### III. ANALYSIS

For the reasons stated below, the Undersigned finds that Plaintiff's Fourteenth Amendment Due Process claims and Fourth Amendment claim as it pertains to her own alleged seizure may proceed against the individual Defendants but recommends that the remainder of her claims be dismissed.

#### A. Individual-Capacity Constitutional Claims

Plaintiff asserts Fourth and Fourteenth Amendment violations against Defendants Martin and Custer under 42 U.S.C. § 1983. Although she does not specify, the Undersigned construes Plaintiff as bringing claims against these Defendants in both their individual and official capacities. This portion of the analysis will address the individual-capacity claims only.

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). The Undersigned will address each of Plaintiff's constitutional claims asserted against the individual Defendants in turn.

##### 1. Plaintiff's Fourth Amendment Claims

As to this claim, Plaintiff alleges that Defendants "seized her children without a warrant, court order, or exigent circumstances," in violation of the Fourth Amendment. (ECF No. 1-1, at PAGEID 3.) She further contends that she was detained by law enforcement and placed in a mental institution without lawful justification. (*Id.*) The Undersigned finds that Plaintiff's Fourth

Amendment claim on behalf of her children should be dismissed, but that the claim may proceed to the extent it concerns her own alleged seizure.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.

But "the Sixth Circuit has held that a parent may not bring a § 1983 claim for any alleged violation of the child's constitutional rights because such an action is 'entirely personal to the direct victim of the alleged constitutional tort.'"  *Chappel, v. Adams Cty. Children's Servs., et al.,* No. 1:22-CV-747, 2026 WL 1339292, at *15 (S.D. Ohio May 14, 2026) (quoting *Harris v. Cleveland City Bd. of Educ.,* No. 1:17-CV-00121, 2018 WL 1124961, at *3 (E.D. Tenn. Mar. 1, 2018) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984))).  Thus, although "federal law provides that parties may plead and conduct their own cases personally, this right does not extend to representation of one's child."  *Id.* (quoting *Harris*, 2018 WL 1124961, at *3) (further citations omitted); *Jaco*, 739 F.2d at 242 ("The § 1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights had been violated.").

Because Plaintiff is proceeding without the assistance of counsel here, she may represent herself and assert her own constitutional violations, but she may not assert constitutional violations on behalf of her children.  *See e.g. DaConceicao v. Tuscarawas Cty. Dep't of Job & Fam. Servs.*, No. 5:25 CV 2124, 2025 WL 3754083, at *2 (N.D. Ohio Dec. 29, 2025) (finding the pro se plaintiff lacked standing to assert violations of her child's constitutional rights because " a party must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties"); *see also Hoffman v. Tenn. Dep't of Children Servs.*, No. 3:20-cv-00900, 2020

U.S. Dist. LEXIS 221001, at *8 (M.D. Tenn. Nov. 24, 2020) ("Plaintiffs cannot bring a Section 1983 claim on behalf of their minor child unless they are represented by an attorney."). Accordingly, Plaintiff's Fourth Amendment claim as it relates to the seizure of her children should be dismissed.

Although not pleaded as a separate claim, to the extent Plaintiff is asserting a Fourth Amendment violation on her own behalf when she alleges that "law enforcement was used to detain Plaintiff and place Plaintiff in a mental institution without due process," the Undersigned will allow such a claim to proceed at this time against the individual Defendants. "The Fourth Amendment requires an official seizing and detaining a person for a psychiatric evaluation to have probable cause to believe that the person is dangerous to himself or others." *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997); *see also Riggs v. Bartlett, City of, Tennessee*, No. 2:23-CV-02780-TLP-ATC, 2026 WL 881225, at *8 (W.D. Tenn. Mar. 31, 2026) (quoting in part *Machan v. Olney*, 958 F.3d 1212, 1214 (6th Cir. 2020)) (same). Because Plaintiff alleges that Defendants deemed her "mentally unstable without justification," the Undersigned finds that she has sufficiently challenged—at least at this time, for the purpose of surviving an initial screen— whether there was adequate justification for her seizure and placement in a mental institution such that this claim may proceed.

2. Plaintiff's Equal Protection Claim Should Be Dismissed

Plaintiff offers nothing more than threadbare assertions for this claim, and therefore it should be dismissed.

The Equal Protection Clause provides, in relevant part, that: "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

"The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'" *Andrews v. City of Mentor*, 11 F.4th 462, 473 (6th Cir. 2021) (quoting in part *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012)).  "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Id.* (internal citation and quotations omitted).

Here, the entirety of Plaintiff's Equal Protection claim states: "[d]iscriminatory practices impacting protected classes." (ECF No. 1-1, at PAGEID 6.)  But she fails to provide any other facts to support this claim, most notably whether she is a member of a protected class or how she was treated differently as a "class of one" than similarly situated persons.  As such, this "naked assertion devoid of further factual enhancement" is insufficient to state a claim under the Fourteenth Amendment Equal Protection Clause, and the Undersigned therefore recommends dismissal of this claim in its entirely.  *See Iqbal*, 556 U.S. at 678.

3.  Plaintiff's Due Process Claims May Proceed

As to these claims, Plaintiff generally alleges that Defendants denied her due process by failing to provide "notice and an opportunity to be heard before and after removal" (Count II, which is her procedural due process claim) and by interfering "with Plaintiff's fundamental liberty interest in family integrity" (Count IV, substantive due process).[2]  (ECF No. 1-1, at PAGEID 4.) The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const., amend. XIV, § 1.

---

[2] The Undersigned will construe Count IV of Plaintiff's "Interference with Parental Rights" claim as one asserting a Substantive Due Process claim.  *See Arsan v. Keller*, 784 F. App'x 900, 910 (6th Cir. 2019) (finding that "there is a qualified substantive due process right to raise one's child" (citation and quotations omitted)).

"This clause ensures fair process and safeguards a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *Schulkers v. Kammer*, 955 F.3d 520, 539 (6th Cir. 2020). As it pertains to the allegations here, the Sixth Circuit has held that "[i]t is clearly established that the Constitution recognizes both a protectible procedural due process interest in parenting a child and a substantive fundamental right to raise one's child." *Id.* At this early stage, without the benefit of briefing by the parties to this action, and out of an abundance of caution, the Undersigned finds that Plaintiff's individual-capacity Procedural (Count II) and Substantive Due Process (Count IV) claims against the individual Defendants may proceed.

Finally, to the extent Plaintiff is bringing a separate Due Process challenge as it relates to court proceedings that occurred without her presence or meaningful participation in conjunction with her own detention in a mental institution, such claim will be permitted to proceed as well.

**B. CCCS and Official-Capacity Claims**

Plaintiff alleges that the constitutional violations she experienced "were caused by policies, customs, or failure to train within Coshocton County Children Services." (ECF No. 1-1, at PAGEID #: 4.) As explained below, because Plaintiff fails to plausibly state a *Monell* claim, the Undersigned recommends that CCCS be dismissed in its entirety. Because CCCS is dismissed, any claims against the individual Defendants in their official capacities should likewise be dismissed.

1. Plaintiff's *Monell* Claim Should Be Dismissed

As an initial matter, CCCS is a department or agency of Coshocton County, Ohio, and thus, cannot be sued in its own right. *See Lattimore v. Franklin Cty. Children's Servs.*, No. 2:25-CV-1362, 2026 WL 369231, at *3 (S.D. Ohio Feb. 10, 2026), *report and recommendation adopted*,

9

No. 2:25-CV-1362, 2026 WL 624459 (S.D. Ohio Mar. 5, 2026) (citing *Cook v. Groveport Madison Loc. Sch. Dist.*, No. 2:25-CV-01117, 2025 U.S. Dist. LEXIS 255703, 2025 WL 3537583, at *2 (S.D. Ohio Dec. 10, 2025) ("[Franklin County Children's Services], as a department or agency of Franklin County is not *sui juris* and cannot be sued in its own right); *Arsan v. Keller*, No. 3:17-CV-121, 2018 U.S. Dist. LEXIS 15268, 2018 WL 635894, at *4 (S.D. Ohio Jan. 31, 2018) ("As a branch of the County government, Green County Children's Services Board lacks the capacity to be sued."), *report and recommendation adopted*, No. 3:17-CV-121, 2018 U.S. Dist. LEXIS 138979, 2018 WL 3933706 (S.D. Ohio Aug. 16, 2018), *aff'd*, 784 F. App'x 900 (6th Cir. 2019)).

Because CCCS is not a legal entity separate from Coshocton County and therefore not an entity subject to suit itself, the Court construes Plaintiff's *Monell* allegations as directed at Coshocton County itself, to the extent she seeks to hold a governmental entity liable for the acts of CCCS employees.

Regardless, Plaintiff's *Monell* claim fails.

"A local governmental entity . . . cannot be held liable under § 1983 solely because it employs a tortfeasor; that is, it cannot be held liable on a respondeat superior theory." *Coleman v. Allegheny Cty.*, No. 2:21-cv-2103, 2022 U.S. Dist. LEXIS 103836, at *7 (S.D. Ohio June 9, 2022). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right

10

secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017))).

A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).  To proceed under a failure-to-train theory, a plaintiff must allege: "(1) a 'pattern of similar constitutional violations by untrained employees' or (2) 'a single violation of federal rights, accompanied by a showing that [the municipality] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation.'" *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 323 (6th Cir. 2023) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 738–39 (6th Cir. 2015)).

Here, Plaintiff alleges in a purely conclusory manner that the constitutional violations she experienced were caused by CCCS's policies, practices, customs, or failure to train. (ECF No. 1-1, at PAGEID #: 4.)  Essentially, Plaintiff is asserting that every alleged act of constitutional wrongdoing by a CCCS employee was taken pursuant to a policy, practice, custom, or failure to train. (*Id.*)  But other than alleging that CCCS is "a governmental entity responsible for policies and customs" (ECF No. 1-1, at PAGEID #: 3), Plaintiff provides no facts from which this Court could plausibly infer that the individual social workers' alleged unlawful conduct was the result of a CCCS custom or policy, or failure to train, as opposed to just misconduct of an individual.  She points to no specific policy or custom, nor does she point to the clear and persistent pattern of illegal activity CCCS might have known about and was somehow deliberately indifferent to.

11

At bottom, these allegations offer "only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive").

Accordingly, Plaintiff's claims against CCCS should be dismissed.

2. Plaintiff's Official-Capacity Claims Should Be Dismissed

To the extent that Plaintiff is advancing any official-capacity claims against Defendants Custer or Martin, those claims fail. This is because a suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trs.*, 771 F.3d 956, 962 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Arsan*, 784 F. App'x at 909 ("An official-capacity claim, however, is just a claim against the municipality." (citations omitted)). As discussed above, Plaintiff has not stated a claim against CCCS; therefore, Plaintiff's official-capacity claims against Defendants Custer and Martin must also be dismissed.

**IV. CONCLUSION**

For the reasons stated above, it is therefore **RECOMMENDED** that:

1. Plaintiff's Fourth Amendment claim be **DISMISSED IN PART WITHOUT PREJUDICE** under § 1915(e)(2)(B) (as it relates to her children's alleged seizure);

2. Plaintiff's *Monell* claim be **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B) for failure to state a claim, and CCCS be **DISMISSED** as a party from this action;

3. Plaintiff's official-capacity claims against Defendants Custer and Martin be **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B) for failure to state a claim; and

4. Plaintiff's Fourteenth Amendment Equal Protection claim be **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B) for failure to state a claim.

The Undersigned further finds that Plaintiff **MAY PROCEED** with her Fourth Amendment claim as it pertains to her own alleged harms (but not her children's), and her procedural (Count II) and substantive (Count IV) Fourteenth Amendment Due Process claims as to Defendants Custer and Martin in their individual capacities.

Finally, the Undersigned notes that Plaintiff provided what appears to be completed summonses for each Defendant, USM-285 Forms for each Defendant, and one service copy of the Complaint in her Objection in ECF No. 7.

Upon review of the service documents, the Undersigned further **ORDERS** Plaintiff to proceed as follows:

1. Plaintiff's USM-285 Forms are not legible.  Therefore, she is **ORDERED** to resubmit new USM-285 Forms for Defendants Custer and Martin within **THIRTY DAYS** of the date of this Order.
2. Plaintiff is also **ORDERED** to submit one additional service copy of her Complaint within **THIRTY DAYS** of the date of this Order.

Upon receipt of all service documents, the Undersigned will direct the Clerk's Office to issue the summonses and will order service of process by the United States Marshal Service on Defendants Custer and Martin.

## V.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or

13

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

14