**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHELBY ARRON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-00390**<br>**Chief Judge Sarah D. Morrison**<br>**Magistrate Judge S. Courter M. Shimeall** |
| **BRANDI CUSTER, *et al.*,** | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

This Court ordered Plaintiff to show cause by October 27, 2026, as to why the Undersigned should not recommend dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute due to her failure to cure the filing deficiencies and comply with Court orders. (ECF No. 23.)

The show cause deadline has passed, and Plaintiff has not submitted the requisite documents needed to cure her filing deficiencies or otherwise responded to the show cause order. Thus, under these circumstances, the Undersigned recommends dismissal of Plaintiff's action under Rule 41(b) for failure to prosecute and comply with Court orders.

The Court's inherent authority to dismiss a plaintiff's action because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of

its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Upon review, the Undersigned finds that dismissal for failure to prosecute is warranted here. First, Plaintiff has failed to comply with this Court's orders, specifically to address the filing deficiencies. (*See* ECF Nos. 20, 23.) Plaintiff's continued failure to timely comply with the clear orders of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Moreover, the Court had previously cautioned her more than once that failure to comply with the Court's orders regarding the timely curing of deficiencies could result in a recommendation of dismissal for failure to prosecute. (*See, e.g.*, ECF Nos. 20, 23); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (explaining that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is suitable).

Further, because Plaintiff has missed these deadlines and disregarded the Court's orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. *See, e.g.*, *McDougleh v. Ohio Reformatory for Women*, No. 2:25-CV-0028, 2026 WL 295435, at *2 (S.D. Ohio Feb. 4, 2026), *report and recommendation adopted*, No. 2:25-CV-28, 2026 WL 754057 (S.D. Ohio Mar. 17, 2026) (recommending dismissal for failure to prosecute when plaintiff failed to provide required service documents).

For these reasons, it is therefore **RECOMMENDED** that the Court **DISMISS THIS CASE WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Finally, it is **RECOMMENDED** that the Court order Plaintiff to list this action as a related case if Plaintiff re-files.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**